United States District Court
Middle District of Florida
Jacksonville Division

JOYCE ANN PEAVEY,

    *Plaintiff,*

v.                                                                    NO. 3:15-CV-557-J-PDB

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant.*

---

## Order Granting in Part Plaintiff's
## Unopposed Motion for Attorney's Fees and Costs

Earlier in the case, the Court reversed the Commissioner of the Social Security Administration's denial of Joyce Ann Peavey's application for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Doc. 23. She now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $6578.50 in attorney's fees and $400 in costs. Doc. 25. The Commissioner does not oppose the request. Doc. 25 at 3.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees and costs are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested them, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

    .

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing that it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth one, no equitable consideration is apparent or presented that would make an EAJA award unjust. Peavey prevailed because the Court ordered a sentence-four remand. Doc. 23 at 21. Peavey's November 15, 2016, request, Doc. 25, was timely because she made it within 30 days of when the Court's September 9, 2016, judgment, Doc. 24, became final. Peavey represents that her net worth did not exceed $2 million when she filed this case, Doc. 25 ¶ 5, and the Court accepts that representation. Peavey's motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 25 ¶ 4, and the Commissioner has not attempted to satisfy its burden of showing otherwise. The Commissioner does not contend that this case presents a special circumstance, and none is apparent. Thus, Peavey is eligible to receive an EAJA award. The only remaining issue is whether the requested amounts are reasonable.

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except . . . shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a

special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

"The EAJA . . . establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step . . . is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation . . . ." *Id.* at 1034.

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). If there is lack of support, a court may make the award on its own experience if it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

In addition to demonstrating the reasonableness of rates, a party requesting EAJA fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Fees for time spent preparing an EAJA request are allowed. *Jean v. Nelson*, 863 F.2d 759, 779–80 (11th Cir. 1988).

Peavey is represented by Sarah Bohr, Esquire. According to an affidavit by Bohr, Bohr has been licensed to practice law in Florida and in the District of Columbia since 1978 and is admitted to practice before many federal courts. Doc. 25-2 ¶ 1. She worked for Jacksonville Area Legal Aid for 21 years, began a private practice focusing on social-security cases in 1996, and has won cases in circuit courts, district courts, and the Supreme Court. Doc. 25-2 ¶ 2. She has authored publications on issues in social-security law, served as president of the Board of Directors of the National Organization of Social Security Claimants' Representatives, spoken at conferences, and served as an arbitrator in the Middle District of Florida's court-annexed arbitration program. Doc. 25-2 ¶¶ 3, 4, 5. She represents the requested fees are considerably less than her normal rate of $350 an hour and the schedule of hours attached to the motion was determined by "careful review of … time records." Doc. 25-2 ¶¶ 6, 7.

Peavey requests $190.28 an hour for 24.5 hours of work in 2015 and $191.70 an hour for 9.9 hours of work in 2016. Doc. 25 at 2. On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on Bohr's affidavit and the Court's own knowledge and expertise, the Court finds the market rate in Jacksonville for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour. On the second step (determining whether to adjust the rate upward from $125), the Court finds the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living for urban areas from 1996 to 2015 ($190.28) and 53.36 percent increase to the first half of 2016 ($191.70). *See* Doc. 25 at 2 n.1; U.S. Dept. of Labor, Bureau of Labor Statistics, http://www.bls.gov/cpi/tables.htm (last visited November 18, 2016).

Bohr spent 34.4 hours on the case. Doc. 25 at 2; Doc. 25-2 at 7–8. She provides a breakdown of the tasks she performed, when she performed them, and how long she took to perform them. Doc. 25-2 at 7–8. Work included preparing a 25-page brief that

set forth a thorough summary of the administrative record and well-reasoned arguments, Doc. 19, preparing a 5-page reply brief, Doc. 21-1, and preparing the EAJA motion, Doc. 25. None of the work appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 25-2 at 7–8. The number of hours is reasonable.

It appears the $6578.50 requested in the first paragraph of the motion is a typographical error. *Compare* Doc. 25 at 1 (requesting $6578.50) *with* Doc. 25 at 2 (calculating a total of $6559.69). Using the number of hours and requested rates, attorney's fees of $6559.69 ((24.5 x $190.28) + (9.9 x 191.70)) are reasonable.

Costs for items in 28 U.S.C. § 1920, which include clerk fees, are allowed. 28 U.S.C. §§ 2412(a) & 1920(1). The requested $400 for costs is also reasonable because that is the fee charged for opening a civil action in this district. *See M.D. Fla. Schedule of Fees*, www.flmd.uscourts.gov/forms/General/FILING_FEES_REV._6-1-2016.pdf (last visited Nov. 18, 2016).

An EAJA award is to the party, not her attorney. *Astrue v. Ratliff,* 560 U.S. 586, 592–93 (2010). Because Peavey is eligible and attorney's fees of $6559.69 and costs of $400 are reasonable, the Court grants her motion in part, Doc. 25, and awards her $6559.69 in attorney's fees and $400 in costs. The Court leaves to the Commissioner's discretion whether to accept Peavey's assignment of EAJA fees to her attorney, Doc. 25-1, after determining if she owes a federal debt.

## Conclusion

Therefore, the Court:

1.     **grants in part** in part Peavey's EAJA request, Doc. 25;

2.     **awards** Peavey $6559.69 in attorney's fees and $400 in costs; and

3.   **directs** the clerk to enter judgment in favor of Peavey and against the Commissioner in the amount of $6559.69 in attorney's fees and $400 in costs.

**Ordered** in Jacksonville, Florida, on November 28, 2016.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record